# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. CACCIOLA, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:13-cv-00995-LJO-SKO PC<br><br>ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 15 and 16) |

　　　　Plaintiff LaKeith L. McCoy, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 28, 2013.  On October 18, 2013, and on January 10, 2014, Plaintiff filed motions seeking preliminary injunctive relief.

　　　　Plaintiff seeks an order prohibiting "Defendants, their successors in office, agents and employees, and all other person acting in concert and participation with them" from (1) working in the prison's law library, (2) preventing Plaintiff from accessing the law library, (3) making copies outside of Plaintiff's presence; and (4) discussing pending legal matters with defendants in other cases; and an order requiring that they be replaced with experienced law clerks.  (Doc. 15.)

　　　　"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20

(citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted) (emphasis added).

Plaintiff has not demonstrated any entitlement to preliminary injunctive relief, 18 U.S.C. § 3626(a)(1)(A); *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010), and such relief is not available to circumvent prison officials' rules regarding law library access and photocopies, *see Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996) (state not required to enable inmates to discover grievances or to litigate effectively once in court); *U.S. Phillips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) (purpose of preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment issues); *see also Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.Ct. 2162 (2003) (prison officials entitled to substantial deference); *Sandin v. Conner*, 515 U.S. 472, 482-83, 115 S.Ct. 2293 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons). There is no support for Plaintiff's contention that, in this case, he is being denied access to the courts and court intervention is necessary.  Of particular note, Plaintiff's amended complaint was filed on August 28, 2013, contradicting Plaintiff's assertion that prison officials prevented its filing.

To the extent Plaintiff is equating the absence of court action with non-receipt of his filings, Plaintiff is informed that the Eastern District of California faces one of the most overburdened dockets in the entire country, a docket which includes thousands of cases filed by prisoners proceeding pro se.  Plaintiff may be assured that his civil rights case was filed and his amended complaint will be screened in due course.  28 U.S.C. § 1915A.  Accordingly, Plaintiff's motions for preliminary injunctive relief are HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated:   **January 14, 2014**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

2