# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY, | Case No. 1:13-cv-00995-LJO-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| S. CACCIOLA, et al., | (Doc. 14) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff LaKeith L. McCoy, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 28, 2013. On August 28, 2013, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Discussion

### A.     Plaintiff's Allegations

Plaintiff, who is incarcerated at the California Correctional Institution in Tehachapi, California, brings this action against Correctional Officer S. Cacciola, Warden K. Holland, Captain K. Allen, and Sergeant K. Campbell for violating his rights under the United States Constitution. Plaintiff seeks damages and injunctive relief.

Plaintiff alleges that he was approved for priority legal user ("PLU") status between April 15, 2013, and May 15, 2013. On May 1, 2013, Plaintiff went to the law library and requested copies of court documents from Defendant Cacciola, who is the law librarian. When Plaintiff received his copies, some of them were not copied front and back, some were missing half-pages, and he did not receive his requested copy of his habeas petition. Plaintiff notified Defendant Cacciola of these errors but they were not corrected.

Plaintiff filed a "request for item, service, or interview," and on May 2, 2013, Defendant Cacciola responded, stating copies had been provided appropriately and nothing further would be provided. (Amend. Comp., ¶15.) Plaintiff submitted the request form to Defendant Cacciola's supervisor but he did not receive a response.

1   On May 6, 2013, Plaintiff was removed from PLU status.  Plaintiff sent a request form to Defendant Allen regarding his removal from PLU status.

On May 8, 2013, Plaintiff spoke with Defendant Cacciola regarding access to the law library versus PLU status due to his pending criminal case.  Defendant Cacciola told Plaintiff he would not be provided with that service.  Defendant Cacciola told Plaintiff that Defendant Campbell was supposed to speak with him regarding removal from the law library but Campbell never did.

On May 12, 2013, Plaintiff wrote Defendant Holland a letter regarding these events, but he has not received any response.

On May 23, 2013, Plaintiff wrote Defendant Allen regarding the PLU status issue and another issue, but he has not received any response.

Plaintiff requested supplies, including envelopes and legal writing paper, since he was not able to access the law library, but he did not receive them.

Plaintiff was allowed back in the law library on May 20, 2013, but he was denied copies of the exhibits in support of his habeas petition.  Defendant Cacciola took the exhibits to another room, read them, returned, and told Plaintiff he was not allowed to have free copies of attorney correspondence.  Plaintiff said the letters were in support of his ineffective assistance of counsel claim.  Plaintiff alleges that Defendant Cacciola had previously copied those exhibits without hassle.  On the same day, Plaintiff was denied copies for his writ of mandate/prohibition challenging a decision by a Los Angeles County superior court judge.

**B.    Claims Against Defendant Cacciola**

**1.    Denial of Access to the Courts**

Although Plaintiff alleges that Defendant Cacciola failed to provide complete copies on May 1, 2013, and Defendant refused to provide copies on May 20, 2013, Plaintiff's allegations do not support a claim for violation of his constitutional right of access to the courts.  Although inmates have a fundamental constitutional right of access to the courts, *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009), to state a viable claim for relief, Plaintiff must

3

show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation," *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted), *cert. denied*, 132 S.Ct. 1823 (2012); *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d at 655.  Plaintiff has made no such showing.

### 2. **Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

While proximity in time between the protected conduct and the alleged retaliation may suffice to support the existence of a retaliatory motive, *McCollum v. California Department of Corrections and Rehabilitation*, 647 F.3d 870, 882 (9th Cir. 2011), here Plaintiff alleges nothing more than he was removed from PLU status after he filed a grievance, *see Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (after this, therefore because of this is a logical fallacy). While the Court is mindful that Plaintiff is proceeding pro se and this is the pleading stage, his assertion of retaliation is impermissibly conclusory and it fails to demonstrate anything more than the mere possibility of misconduct. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### C. **Claims Against Defendants Holland, Allen, and Campbell**

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor

may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has alleged no facts which support the existence of a causal connection between actions or omissions of Defendants Holland, Allen, and Campbell and the violation of his constitutional rights. Therefore, Plaintiff fails to state a claim against Defendants Holland, Allen, and Campbell under section 1983.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file a second amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

5

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint, filed on August 28, 2013, is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated:   **April 29, 2014**                                         /s/ Sheila K. Oberto
                                                                        UNITED STATES MAGISTRATE JUDGE