# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY, | Case No. 1:13-cv-00995-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AND DIRECTING CLERK'S OFFICE TO ENTER JUDGMENT |
| v. | |
| S. CACCIOLA, | |
| Defendant. | (Doc. 26) |

### Second Screening Order

**I.  Procedural Background**

Plaintiff LaKeith L. McCoy, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 28, 2013. On August 28, 2013, Plaintiff filed an amended complaint as a matter of right, Fed. R. Civ. P. 15(a), and on April 30, 2014, the Court dismissed the amended complaint, with leave to amend, for failure to state any claims, 28 U.S.C. § 1915A. On May 30, 2014, Plaintiff filed a second amended complaint re-alleging only his First Amendment retaliation claim against Correctional Officer S. Cacciola, a law librarian at California Correctional Institution ("CCI") in Tehachapi.

**II.  Screening Requirement and Standard**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III.   Discussion**

    **A.   Plaintiff's Allegations**

Plaintiff is presently incarcerated at CCI and he alleges that in May 2013, Defendant Cacciola retaliated against him for complaining, in violation of his rights under the First Amendment of the United States Constitution. Plaintiff alleges that he had been approved for priority legal user ("PLU") status between April 15, 2013, and May 15, 2013. On May 1, 2013, Plaintiff went to the law library and requested copies of court documents from Defendant Cacciola. When Plaintiff received his copies, he noticed some were not copied front and back, some were missing half-pages, and his habeas petition was not copied. Plaintiff notified Defendant Cacciola of these errors but he was told that the copies were appropriate and no corrections would be forthcoming.

Plaintiff filed a "request for item, service, or interview" form and on May 2, 2013, Defendant Cacciola responded, stating copies had been provided appropriately and nothing further would be provided. (2nd Amend. Comp., ¶10.) Plaintiff then sent the request form to Defendant Cacciola's supervisor on May 2, 2013.

On May 6, 2013, Plaintiff was scheduled for the law library but he was removed from the law library list, allegedly in response to initiating the grievance against Defendant Cacciola.

### B.    First Amendment Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so," *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)), and even the mere threat of harm can be sufficiently adverse to support a retaliation claim, *Brodheim*, 584 F.3d at 1270. Therefore, Plaintiff's allegations are sufficient to show that he was engaged in protected conduct and that removal from the law library list constituted an adverse action against him.

However, Plaintiff's conclusory allegations do not sufficiently support an inference that he was removed from the law library list (1) because of the grievance he filed regarding copies and (2) in the absence of a legitimate correctional goal. While proximity in time between engagement in protected conduct and the alleged retaliation may suffice to support the existence of a retaliatory motive, *McCollum v. California Department of Corrections and Rehabilitation*, 647 F.3d 870, 882 (9th Cir. 2011), here Plaintiff's allegations amount to nothing more than a conclusion that his removal from the law library was retaliatory, *see Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (after this, therefore because of this is a logical fallacy). "Mere speculation that [a defendant] acted out of retaliation is not sufficient," *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014), and Plaintiff's second amended complaint lacks of any specific facts supporting improper

3

motive. *Watison*, 668 F.3d at 1114.  The Court is mindful that Plaintiff is proceeding pro se and this is the pleading stage, but the mere possibility of misconduct fails to support a claim.[1]  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### III.  Conclusion and Order

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously provided with notice of the deficiencies in his claim and he was unable to cure them in his second amended complaint.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, further leave to amend is not warranted and this action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

Dated:  **December 17, 2014**            **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that in his first amended complaint, Plaintiff alleged that he spoke with Defendant Cacciola about being removed from the law library list and Cacciola told him that Sergeant Campbell was supposed to talk to him about his removal from the list, an allegation which was omitted from the second amended complaint and which tends to undercut any inference that Plaintiff was removed from the law library list out of retaliation and in the absence of a legitimate correctional goal. *See Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'") (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). (Doc. 14, 1st Amend. Comp., ¶¶17-19.)